NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 853

IN RE STAR SCIENTIFIC, INC.,

Petitioner.

ON PETITION FOR WRIT OF MANDAMUS

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.

NEWMAN, Circuit Judge.

### O R D E R

Star Scientific, Inc. petitions for a writ of mandamus to direct the United States District Court for the District of Maryland to issue a decision regarding patent unenforceability, which was tried in early 2005. R.J. Reynolds Tobacco Company (a North Carolina corporation) and R.J. Reynolds Tobacco Company (a New Jersey corporation) oppose. Star Scientific moves for leave to file a reply, with the reply attached.

Star Scientific sued R.J. Reynolds for patent infringement in 2001. In January-February of 2005, a bench trial was held on unenforceability. The district court judge later indicated he would issue a decision on unenforceability concurrently with his ruling on pending motions for summary judgment of invalidity. At various occasions, Star Scientific requested information concerning the status of the pending matters. The district court responded by suggesting that the determinations would be issued soon.

On January 19, 2007, the district court entered orders granting R.J. Reynolds' motion for summary judgment of invalidity due to indefiniteness. In March of 2007, Star

Scientific requested that the district court certify the invalidity determination for immediate appeal because, due to the other pending issues, there was no final judgment. The district court denied the request. In a recent order dated June 7, 2007, the district court stated that its decision on unenforceability would be posted on the court's website on June 29, 2007, or earlier, and that final judgment would be entered promptly thereafter.

Prior to the June 7, 2007 order, Star Scientific petitioned this court for a writ of mandamus to direct the district court to issue a decision on unenforceability within 30 days. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that its right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

Star Scientific has not met its burden in this case. Star Scientific has not shown a clear abuse of discretion or that the district court has "obstinately refuse[d]" to adjudicate the matter. Will v. Calvert Fire Ins. Co., 437 U.S. 655, 666-67 (1978) ("Where a district court obstinately refuses to adjudicate a matter properly before it, a court of appeals may issue the writ to correct 'unauthorized action of the district court obstructing the appeal.'"). Additionally, we note that the district court recently stated a date certain upon which it expects to resolve the matter.

Accordingly,

IT IS ORDERED THAT:

(1)     Star Scientific's petition for a writ of mandamus is denied.

Misc. 853                                    - 2 -

(2)     Star Scientific's motion for leave to file a reply is granted.

FOR THE COURT


_____June 25, 2007_____                    _/s/ Pauline Newman_____
            Date                            Pauline Newman
                                            Circuit Judge

cc:     Richard McMillan, Jr., Esq.
        Richard A. Kaplan, Esq.
        United States District Court, D. Md.

s8

Misc. 853                              - 3 -